UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JONATHAN ELLIOTT GOODMAN                                        PLAINTIFF
ADC #141664

v.                          No. 5:18CV00284-BSM-JTR

ARKANSAS DEPARTMENT
OF CORRECTIONS BOARD OF
PROFESSIONAL AND
RESPONDENTS, *et al.*                                           DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff Jonathan Elliott Goodman ("Goodman") is a prisoner at the Grimes Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* §

1983 Complaint alleging that Defendants violated his rights. *Doc. 1.* Before Goodman may proceed with this case, the Court must screen his allegations.[1]

## II. Discussion

Goodman alleges that he is being "illegally and illegitimately held" in the ADC, in violation of his "various rights." According to Goodman, he is the "actual owner" of the ADC's Grimes Unit through one of his many free-world businesses. He alleges that, although he has been exonerated of the criminal charges which originally provided the basis for his incarceration, he has remained at the Grimes Unit, as "an inmate in appearance," so that he can "observe the property and administrative operations" as a "superior magistrate/administrative head." He alleges that ADC officials refuse to acknowledge or attempt to verify his true identity and will not honor his "distinguishment, entitlement, rights[,] privileges and benefits of ownership." *Doc. 1 at 4-23.* As Defendants, he names the "Arkansas Department of Corrections Board of Professional and Respondents," Black Community Developers Inc., and "All and any Affiliatable Departments, Bureaus and Inclusively Persons." *Id. at 1-2.*

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

An action is frivolous if its allegations are "fanciful … fantastic or delusional," its "factual contentions are clearly baseless," or it is "based on an indisputably meritless legal theory." *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Nietzke v. Williams,* 490 U.S. 319, 327-29 (1989). A "finding of frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton,* 504 U.S. at 33.

Furthermore, to survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for relief. *Id.* Instead, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

It is not clear what relief Goodman seeks from the Court. If he seeks release from prison because he believes his state court conviction has been overturned or is otherwise improper,[2] his sole remedy is to file a federal habeas petition under 28

---

[2]According to state court records, Goodman was convicted of rape in April 2008 and was sentenced to fifteen years in the ADC. *State v. Goodman,* Pulaski Co. Cir. Ct. Case No. CR-07-681 (electronically accessed at https://caseinfo.arcourts.gov/cconnect). His conviction was

U.S.C. § 2254, after he has properly exhausted all of his available remedies in state court. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) ("When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus.").

Although Goodman vaguely alleges that he has received unspecified "disciplinary reports … as an ordinary inmate would," he does not appear to be challenging any particular disciplinary charge or conviction. *Doc. 1 at 22.* It is well settled that an officer's mere filing of a disciplinary charge -- even an inaccurate or incomplete charge -- does not give rise to a § 1983 cause of action. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983). Furthermore, Goodman does not allege that he was denied due process in connection with any disciplinary proceedings, only that he should not be receiving disciplinaries in the first place.

Goodman's allegations that he is the "actual owner" of the Grimes Unit, which ADC officials refuse to acknowledge or confirm, are "irrational or … wholly incredible," and cannot provide the basis for any viable claim. *See Denton,* 504 U.S.

---

affirmed by the Arkansas Supreme Court. *Goodman v. State,* 2009 Ark. App. 262, 306 S.W.3d 443 (Ark. Ct. App. 2009). Nothing in the state court records suggests that Goodman's conviction or sentence has been vacated, overturned or otherwise set aside.

at 33; *Horsey v. Asher,* 741 F.2d 209, 213 (8th Cir. 1984) ("Complaints that are obviously fanciful … may and should be swiftly dismissed.").

Finally, Goodman has not named any proper Defendants. He sues the ADC and what appears to be a private organization, neither of which is a proper Defendant in a § 1983 action. *See Will v. Michigan Department of State Police,* 491 U.S. 58, 64 & 71 (1989) (a state and its agencies are not "persons" within the meaning of § 1983); *Brown v. Missouri Department of Corrections,* 353 F.3d 1038, 1041 (8th Cir. 2004) (Missouri Department of Corrections was "not a proper party" under § 1983); *Crumpley-Patterson v. Trinity Lutheran Hospital*, 388 F.3d 588, 590 (8th Cir. 2004) (explaining that § 1983 "secures most constitutional rights from infringement by governments, not private parties").

He also sues "All and Any Affiliatable Departments, Bureaus, and Inclusively Persons." He does not explain who or what falls into this nonsensical category. Furthermore, his other allegations provide no basis for any viable constitutional claims, much less linking any claims to a suable individual or entity that might fit into this vague and broad category.

Because Goodman's Complaint lacks any plausible factual or legal allegations, the Court recommends that this § 1983 action be dismissed, without prejudice, as frivolous and failing to state a claim upon which relief may be granted.

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Goodman's Complaint (*Doc. 1*) be DISMISSED, WITHOUT PREJUDICE.

2. The dismissal of this case be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

DATED this 4th day of September, 2019.

_____
UNITED STATES MAGISTRATE JUDGE